**KALAMA M. LUI-KWAN**, Bar No. 242121
kalama.lui-kwan@troutman.com
TROUTMAN PEPPER
HAMILTON SANDERS LLP
Three Embarcadero Center, Suite 800
San Francisco, CA 94111
Telephone: 415.477.5700
Facsimile: 415.477.5710

**JACK F. ALTURA**, Bar No. 297314
jack.altura@troutman.com
TROUTMAN PEPPER
HAMILTON SANDERS LLP
Two California Plaza
350 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone: 213.928.9800
Facsimile: 213.928.9850

Attorneys for Defendant
SEZZLE INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL SLIWA**, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SEZZLE INC.**,<br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL** |

**TO THE COURT AND TO THE PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Sezzle Inc. ("Defendant") removes the California state court action, *Michael Sliwa v. Sezzle Inc.*, case number 22STCV24110, from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

**I.    The Federal Court Action**

1.    On May 6, 2022, Plaintiff Michael Sliwa ("Plaintiff") filed a putative class action in the United States District Court for the Central District of California, naming Sezzle Inc. as the only defendant.  Exhibit A is a true and correct copy of the complaint ("Federal Court Complaint").

2.    The case was assigned to the Honorable Dale S. Fischer and assigned the case number 2:22-cv-03055-DSF-MAA.

3.    On June 27, 2022, the parties met and conferred as required by Local Rule 7-3 regarding Defendant's potential motion to compel arbitration.

4.    After meeting and conferring with Plaintiff's counsel, defense counsel filed a joint stipulation on July 1, 2022 setting the briefing schedule for a potential motion to compel arbitration. 2:22-cv-03055-DSF-MAA, ECF No. 11.

5.    The court granted the stipulation.  2:22-cv-03055-DSF-MAA, ECF No. 13.

6.    On July 14, 2022, in response to a request by Plaintiff's counsel during the July 1 meet and confer, Defendant's counsel sent Plaintiff's counsel a letter identifying the language in the Sezzle User Agreement that requires Plaintiff to arbitrate his claims against Defendant.  Defendant's counsel also sent Plaintiff's counsel screenshots of the Sezzle interface showing the steps that Plaintiff took when he agreed to the User Agreement.

7.    Without any further communications from Plaintiff's counsel, on July 21, 2022, Plaintiff unilaterally dismissed his claims against Defendant pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). *See* 2:22-cv-03055-DSF-MAA, ECF No. 14.

**II.    The State Court Action**

8.    On July 26, 2022, Plaintiff refiled his complaint against Defendant in the Superior Court for the State of California for the County of Los Angeles.  Exhibit B is a true and correct copy of the complaint ("State Court Complaint").

9.     The State Court Complaint is substantially similar to the Federal Court Complaint, except that the class Plaintiff seeks to represent is limited to "All California persons who used the Sezzle Service and incurred an overdraft or NSF Fee as a result of a Sezzle repayment deduction", whereas the Federal Court Complaint sought to represent a nationwide class.   *Compare* Exhibit A ¶ 48 *with* Exhibit B ¶ 49.

10.    Additionally, the State Court Complaint does not reallege the claim under the Minnesota's Consumer Fraud Act, Minn. Stat. § 325F.68, *et seq*., which Plaintiff asserted in the Federal Court Complaint.

11.    On August 25, 2022, Defendant filed an answer to the State Court Complaint.  Attached as Exhibit C is a true and correct copy of Defendant's Answer to Plaintiff's State Court Complaint.  Attached as Exhibit D is a true and correct copy of all orders and other documents on the state court docket.

**III.    Basis for Removal – CAFA Jurisdiction**

12.    This case is properly removed under CAFA as this court has original jurisdiction over this civil action in which the matter in controversy exceeds the sum of $5,000,000 and for which the Defendant is a citizen of a state that is different from members of the putative class.  28 U.S.C. § 1332(d)(2).

**IV.    Defendant Timely Removes the Complaint**

13.    Plaintiff filed the State Court Complaint on July 26, 2022.  Plaintiff also filed a proof of service.  According to the proof of service, Plaintiff served the summons and complaint on August 2, 2022.  Exhibit B, p. 21.

14.    This Notice of Removal is timely under 28 U.S.C. § 1446(b) as it is filed on August 26, 2022 which is within 30 days of receipt by the Defendant of the State Court Complaint.  28 U.S.C. § 1446(b).

## V.    Venue is Proper

15.    Venue is proper because the United States District Court for the Central District of California embraces the county in which the state court action is now pending.  28 U.S.C. § 1441(a).

## VI.    The Requirements for CAFA Jurisdiction are Satisfied

16.    The amount in controversy exceeds the statutory minimum of $5,000,000.  28 U.S.C. § 1332(d).

17.    Plaintiff's Prayer for Relief seeks an award of "restitution of all fees at issue paid to Sezzle by Plaintiff and the Class as a result of the wrongs alleged herein in an amount to be determined at trial."  Exhibit B, p. 14.

18.    The statute of limitations for Plaintiff's False Advertising Law claim is 3 years, *Cnty. of Fresno v. Lehman*, 229 Cal. App. 3d 340, 346 (1991); Cal. Civ. Proc. Code § 338, and for Plaintiff's Unfair Competition claim is 4 years, Cal. Bus. & Prof. Code § 17208.

19.    The amount of revenue Defendant generated in late fees from California customers from July 26, 2019 to July 26, 2022 is greater than $5,000,000.

20.    Plaintiff's Prayer for Relief also seeks "disgorgement of the ill-gotten gains derived by Defendant from its misconduct."  Exhibit B, p. 14.

21.    The total amount of fee revenue Defendant generated from California customers from July 26, 2019 to July 26, 2022 is greater than $5,000,000.

22.    These amounts, individually and together, satisfy CAFA's $5,000,000 amount-in-controversy requirement.  28 U.S.C. § 1332(d).

23.    Defendant is a citizen of the state of Delaware and the state of Minnesota as it is incorporated in the state of Delaware and its principal place of business is in Minneapolis, Minnesota.  28 U.S.C. § 1332(c).

24.    Plaintiff alleges he is a citizen and resident of Long Beach, California. Exhibit B ¶ 11.

25.    This action is brought on behalf of a class of "California Persons." Exhibit B ¶ 49.

26.    On information and belief, at least one member of the putative class is a citizen of California.

27.    Therefore, at least one member of the putative class, including the named plaintiff, is a citizen of a state different from the Defendant.  28 U.S.C. § 1332(d)(2)(A).

28.    Therefore, this Court has jurisdiction over this action pursuant to CAFA.

## VII.    CONCLUSION

29.    Accordingly, Defendant respectfully requests that the action entitled *Michael Sliwa v. Sezzle Inc.*, case number 22STCV24110, pending in the Superior Court of the State of California, County of Los Angeles, be removed to this Court.

Dated:    August 26, 2022          TROUTMAN PEPPER
                                   HAMILTON SANDERS LLP


                                   By:    /s/ Jack F. Altura
                                          Kalama M. Lui-Kwan
                                          Jack F. Altura

                                          Attorneys for Defendant
                                          Sezzle Inc